```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
RAMON ABREU,

                          Plaintiff,
         -against-

TORTI FOOD, CORP. d/b/a MIRADOR
RESTAURANT, LMP COFFEE SHOP INC. d/b/a
MIRADOR RESTAURANT, DEMETRIA
CHAPMAN and JOSE PEREZ,

                          Defendants.
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: _7/14/2023_

20 Civ. 10643 (AT)

**ORDER**

ANALISA TORRES, District Judge:

Plaintiff, Ramon Abreu, brings this action against Defendants Torti Food, Corp. (d/b/a Mirador Restaurant), LMP Coffee Shop Inc. (d/b/a Mirador Restaurant), Demetria Chapman, and Jose Perez, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law ("NYLL") § 190 *et seq.*, for failure to pay overtime wages, failure to furnish accurate wage statements, failure to provide a wage notice, unlawful deductions to wages, and retaliation. *See* ECF No. 22 ¶ 1. Having reached a settlement (the "Settlement"), ECF No. 61-1, the parties seek the Court's approval of their proposed settlement agreement. *See* Letter, ECF No. 61.

For the reasons stated below, the motion is DENIED without prejudice to renewal.

**DISCUSSION**

I.   Legal Standard

The FLSA was enacted "to correct and as rapidly as practicable to eliminate" certain "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202. Significantly, "[r]ecognizing that there are often great inequalities in bargaining power between employers and employees, Congress made the FLSA's provisions mandatory; thus, the provisions are not subject to negotiation or

bargaining between employers and employees." *Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Dep't of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982) (citing *Brooklyn Savs. Bank v. O'Neil*, 324 U.S. 697, 706–07 (1945)).

In accordance with the FLSA's mandatory provisions, an employer cannot settle claims of unfair wages without approval of the settlement from the United States Department of Labor or a district court. *See Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). Where, as here, the parties seek approval from the district court, they must establish that the settlement is "fair and reasonable." *Persaud v. D & H Ladies Apparel LLC*, No. 16 Civ. 5994, 2017 WL 1944154, at *1 (S.D.N.Y. May 8, 2017) (citation omitted). To determine whether a settlement is fair and reasonable, courts consider "the totality of circumstances, including but not limited to the following factors":

> (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

*Wolinsky*, 900 F. Supp. 2d at 335 (quoting *Medley v. Am. Cancer Soc'y*, No. 10 Civ. 3214, 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)). In addition, courts should not approve agreements that contain "highly restrictive confidentiality provisions" and "overbroad" releases of claims. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015) (citation omitted).

Where the proposed settlement provides for payment of attorney's fees, the Court must separately assess the reasonableness of the fee award. *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013) (citation omitted). "In an individual FLSA action where the parties settled on the fee through negotiation, there is 'a greater range of reasonableness for approving attorney's fees.'" *Wolinsky*, 900 F. Supp. 2d at 336 (quoting *Misiewicz v. D'Onofrio Gen. Contractors Corp.*, No. 08 Civ. 4377, 2010 WL 2545439, at *5 (E.D.N.Y. May 17, 2010)). Still, "counsel must submit evidence providing a factual basis for the award," including "contemporaneous

billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done." *Id.*

II.     Analysis

The Settlement provides Plaintiff with a recovery of $45,000, inclusive of attorney's fees and costs. Settlement ¶ 1; *see* Letter at 2. The parties acknowledge that any further litigation would have been protracted, resulting in "substantial costs and delays." Letter at 4. The parties also explain the litigation risks faced by each party and state that "all parties face a serious risk of losing at trial." *Id.* The parties, represented by counsel experienced in wage-and-hour litigation, reached the settlement as a result of contested litigation and arm's-length negotiations. *See id.* at 2, 6–9. And, there is no evidence that the parties engaged in fraud or collusion.

However, the Court finds that it cannot evaluate whether the proposed settlement amount is reasonable. The parties state that "according to Plaintiff's calculations, Plaintiff's best potential recoveries under the FLSA at trial amounts to $26,447.14 for unpaid FLSA wages and $26,447.14 for FLSA liquidated damages." Letter at 4. But, this is not enough for the Court to determine Plaintiff's range of possible recovery. Although the proposed settlement amount represents a significant recovery proportional to those calculated damages, Plaintiff provides no supporting declarations or exhibits substantiating the accuracy of the calculations or the sufficiency of the amount awarded to Plaintiff. *See Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 176 (S.D.N.Y. 2015) ("At a minimum, the Court requires evidence as to the nature of plaintiffs' claims, the bona fides of the litigation and negotiation process, the employers' potential exposure both to plaintiffs and to any putative class, [and] the bases of estimates of plaintiffs' maximum possible recovery."); *Mamani v. Licetti*, No. 13 Civ. 7002, 2014 WL 2971050, at *1 (S.D.N.Y. July 2, 2014).

In addition, the Settlement contains a liability release, Settlement at 4 ¶ 5, which the Court finds overbroad in three respects. First, the Settlement releases from liability numerous entities beyond Defendants, including

> each and every one of their divisions, affiliates, subsidiaries, parents, corporations under common ownership or control, related business entities, predecessors, successors, management companies, assigns, officers, directors, trustees, agents, shareholders, administrators, representatives, attorneys, insurers or fiduciaries, past, present or future, heirs, executors, administrators, legal and/or personal representatives, successors, assigns and agents[.]

*Id.* at 4 ¶ 5(a); *see also Hernandez Ramirez v. AA BC Bakery Cafe Corp.*, No. 21 Civ. 458, 2022 WL 3363144, at *2 (S.D.N.Y. July 5, 2022). Second, the Settlement binds not only Plaintiff, but also, *inter alia*, his "dependents, heirs, executors, administrators, legal and/or personal representatives, successors, assigns and agents." Settlement at 4 ¶ 5(a). Third, although the release clause is limited to

> any and all claims, rights, liabilities, debts, obligations, promises, covenants, agreements, contracts, endorsements, bonds, controversies, suits or causes known or unknown, suspected or unsuspected, arising solely under the [FLSA], and related regulations, and the [NYLL] and related regulations promulgated by the New York State Commissioner of Labor, for alleged unpaid wages, unpaid overtime compensation, unlawfully deducted wages, failure to provide required wage statements, failure to provide a wage notice at his time of hire, retaliation, liquidated damages, interest related to these wages, costs, penalties and attorneys' fees in connection with these claims, from the beginning of Plaintiff's employment with Defendants to the date of Plaintiff's execution of [the Settlement],

*id.*, "when combined with the broad definition of '[r]eleasees,' the release—read literally—would have the . . . effect of releasing any wage and hour claims that [P]laintiff had against a wide range of unidentified individuals and business[es] only tenuously affiliated with [D]efendant[s]." *Lara v. Air Sea Land Shipping & Moving Inc.*, No. 19 Civ. 8486, 2019 WL 6117588, at *2 (S.D.N.Y. Nov. 18, 2019). The release clause is also overbroad because it may include claims unrelated to this lawsuit. *See Lopez*, 96 F. Supp. 3d at 181. And, Plaintiff is afforded no release from liability whatsoever. *See* Settlement.

Turning to attorney's fees and costs, Plaintiff's counsel seeks attorney's fees equal to $13,364.70, and costs equal to $1,635.30, for a total of $15,000, which is one-third of the settlement proceeds. *See* Letter at 2. The Second Circuit favors the percentage-of-the-fund method of calculating attorney's fees because it "directly aligns the interests of [Plaintiff] and [his] counsel." *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 121 (2d Cir. 2005) (citation omitted). Contingency fees of one-third or less in FLSA cases are routinely approved in this circuit. *See Gonzales v. 27 W.H. Bake, LLC*, No. 15 Civ. 4161, 2018 WL 1918623, at *4 (S.D.N.Y. Apr. 20, 2018) (collecting cases). As a check on the reasonableness of attorney's fees, however, courts still calculate the total cost of an attorney's hours billed, previously known as the lodestar method. *In re AOL Time Warner S'holder Derivative Litig.*, No. 02 Civ. 6302, 2010 WL 363113, at *23 (S.D.N.Y. Feb. 1, 2010).

Plaintiff's counsel, the Law Office of Peter A. Romero PLLC, has submitted detailed contemporaneous time records that document the work performed in connection with this matter. ECF No. 61-2. Based on these records, the lodestar in connection with this matter amounts to $23,350, reflecting a total of 81.4 hours expended—4.6 of which were expended by a paralegal. *Id.* Plaintiff's counsel has billed at an hourly rate of $400 for attorney Peter A. Romero, $300 for attorney David D. Barnhorn, and $100 for paralegal Angelica Villalba. Letter at 7–8; ECF No. 61-2. Other courts have found similar rates to be reasonable, based on these attorneys' years of experience. *See, e.g.*, *Nuno Carrera v. DT Hosp. Grp.*, No. 19 Civ. 4235, 2021 WL 6298656, at *12 (S.D.N.Y. Nov. 1, 2021), *report and recommendation adopted*, 2021 WL 6298654 (S.D.N.Y. Dec. 7, 2021) (awarding hourly rates of $400 for Mr. Romero and $300 for Mr. Barnhorn). The Court concludes that the hours expended by Plaintiff's counsel in this matter are reasonable. The attorney's fees requested, $13,364.70, amount to a negative multiple of approximately 0.57 of the proffered lodestar. In other words, Plaintiff's counsel will recover an award of attorney's fees that is less than the

5

lodestar amount. Courts in this district have found larger awards to be fair and reasonable. *See Lazo v. Kim's Nails at York Ave., Inc.*, No. 17 Civ. 3302, 2019 WL 95638, at *3 (S.D.N.Y. Jan. 2, 2019) ("Courts in this [d]istrict have concluded that a multiplier near 2 should, in most cases, be sufficient compensation for the risk associated with contingent fees in FLSA cases." (quotation marks and citation omitted)) (collecting cases); *see also Lizondro-Garcia v. Kefi LLC*, No. 12 Civ. 1906, 2015 WL 4006896, at *10 (S.D.N.Y. July 1, 2015) ("[A]n award of $105,000 or one-third of the fund—a 1.68 multiplier of the lodestar calculation and a 1.52 multiplier of plaintiffs' counsel's stated hourly rates—is a reasonable attorneys' fee."). Given that the attorney's fees represent less than one-third of the total recovery amount, and are less than the lodestar amount, the Court finds that the requested award of attorney's fees is fair and reasonable.

Additionally, Plaintiff's counsel requests costs in the amount of $1,635.30, which covers the filing fee and service of process associated with this case. ECF No. 61-3. The Court finds that the requested costs are fair and reasonable.

## CONCLUSION

For the foregoing reasons, the parties' motion for settlement approval is DENIED without prejudice to renewal. By **August 14, 2023**, the parties may file a revised letter and settlement agreement in accordance with this order.

SO ORDERED.

Dated: July 14, 2023
New York, New York

_____
ANALISA TORRES
United States District Judge