UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAMON ABREU,

                Plaintiff,

-against-

TORTI FOOD, CORP. d/b/a MIRADOR RESTAURANT, LMP COFFEE SHOP INC. d/b/a MIRADOR RESTAURANT, DEMETRIA CHAPMAN and JOSE PEREZ,

                Defendants.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/4/2024
```

20 Civ. 10643 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    Plaintiff, Ramon Abreu, brings this action against Defendants Torti Food, Corp. (d/b/a Mirador Restaurant), LMP Coffee Shop Inc. (d/b/a Mirador Restaurant), Demetria Chapman, and Jose Perez, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law ("NYLL") § 190 *et seq.*, for failure to pay overtime wages, failure to furnish accurate wage statements, failure to provide a wage notice, unlawful deductions to wages, and retaliation. *See* ECF No. 22 ¶ 1. The parties previously reached a settlement (the "Settlement"), *see* ECF No. 61-1, which the Court declined to approve, finding (1) that it could not evaluate whether the proposed settlement amount was reasonable and (2) that the Settlement's release clause was overbroad. Order, ECF No. 64. The parties now offer a revised settlement (the "Revised Settlement"), ECF No. 70-1, and move for the Court's approval. *See* Letter, ECF No. 70.

    For the reasons stated below, the motion is GRANTED.

<b>DISCUSSION</b>

    I.    <u>Legal Standard</u>

    The FLSA was enacted "to correct and as rapidly as practicable to eliminate" certain "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202. Significantly, "[r]ecognizing that

there are often great inequalities in bargaining power between employers and employees, Congress made the FLSA's provisions mandatory; thus, the provisions are not subject to negotiation or bargaining between employers and employees." *Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Dep't of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982) (citing *Brooklyn Savs. Bank v. O'Neil*, 324 U.S. 697, 706–07 (1945)).

In accordance with the FLSA's mandatory provisions, an employer cannot settle claims of unfair wages without approval of the settlement from the United States Department of Labor or a district court. *See Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). Where, as here, the parties seek approval from the district court, they must establish that the settlement is "fair and reasonable." *Persaud v. D & H Ladies Apparel LLC*, No. 16 Civ. 5994, 2017 WL 1944154, at *1 (S.D.N.Y. May 8, 2017) (citation omitted). To determine whether a settlement is fair and reasonable, courts consider "the totality of circumstances, including but not limited to the following factors":

> (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

*Wolinsky*, 900 F. Supp. 2d at 335 (quoting *Medley v. Am. Cancer Soc'y*, No. 10 Civ. 3214, 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)). In addition, courts should not approve agreements that contain "highly restrictive confidentiality provisions" and "overbroad" releases of claims. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015) (citation omitted).

Where the proposed settlement provides for payment of attorney's fees, the Court must separately assess the reasonableness of the fee award. *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013) (citation omitted). "In an individual FLSA action where the parties settled on the fee through negotiation, there is 'a greater range of reasonableness for approving attorney's fees.'" *Wolinsky*, 900 F. Supp. 2d at 336 (quoting *Misiewicz v. D'Onofrio Gen.*

*Contractors Corp.*, No. 08 Civ. 4377, 2010 WL 2545439, at *5 (E.D.N.Y. May 17, 2010)). Still, "counsel must submit evidence providing a factual basis for the award," including "contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done." *Id.*

II. Analysis

Like the original Settlement, the Revised Settlement provides Plaintiff with a recovery of $45,000, inclusive of attorney's fees and costs. Revised Settlement ¶ 1; *see* Letter at 2. Plaintiff will receive a total of $30,000, and Plaintiff's counsel will receive $15,000 in fees and costs. Revised Settlement ¶ 1; *see* Letter at 2. The parties again state that "according to Plaintiff's calculations, Plaintiff's best potential recoveries under the FLSA at trial amounts to $26,447.14 for unpaid FLSA wages and $26,447.14 for FLSA liquidated damages," and so the proposed settlement amount represents a significant recovery (over 56 percent) proportional to the total calculated damages. Letter at 4; *see* ECF No. 70-2.

Plaintiff now provides a damages calculation—including his weekly salary, hourly pay rates, and hours worked—which substantiates his estimates of the best potential recoveries.[1] *See* ECF No. 70-2. Plaintiff notes that the Revised Settlement amount represents "more than 100 percent of his maximum alleged unpaid FLSA overtime wages and 56.7% of his total FLSA damages." Letter at 5. Courts have approved less favorable FLSA settlements. *Id.* (collecting cases). The Court is, therefore, satisfied that the Revised Settlement amount is reasonable.[2]

The Court previously found that the Settlement's liability release provision was too broad. *See* Order at 4. The Revised Settlement significantly narrows the scope of the release clause.

---

[1] Based on the information supplied in ECF No. 70-2, the Court calculates Plaintiff's overtime pay to be $26,449.99. This roughly two-dollar difference does not materially affect the Court's reasonableness assessment.

[2] The Court previously found that the Settlement satisfied the other *Wolinsky* factors, *see* Order at 3, and reaffirms that ruling here.

3

Revised Settlement ¶ 5. It no longer releases entities beyond Defendants from liability, nor does it bind entities other than Plaintiff. *Id.* ¶ 5(a); *see* Order at 4; *see also Lazaro-Garcia v. Sengupta Food Servs.*, No. 15 Civ. 4259, 2015 WL 9162701, at *2 (S.D.N.Y. Dec. 15, 2015) (citing approval of release clauses that are "limited to the claims at issue in this action"). In addition, the liability release is now mutual, releasing Plaintiff from liability for "any and all claims, suits or causes known or unknown, suspected or unsuspected as of the date of Plaintiff's signature of this agreement." Revised Settlement ¶ 5(b); *see* Order at 4; *see also Lola v. Skadden, Arps, Meagher, Slate & Flom LLP*, No. 13 Civ. 5008, 2016 WL 922223, at *2 (S.D.N.Y. Feb. 3, 2016) (approving mutual releases of claims in FLSA settlement). The Court finds, therefore, that the Revised Settlement's release clause is fair and reasonable.

Finally, the Court previously found that the fees and costs claimed by Plaintiff's counsel in the Settlement were fair and reasonable. *See* Order at 5–6. The same is true of the fees and costs awarded in the Revised Settlement. *See* Revised Settlement ¶ 1(a).

## CONCLUSION

For the reasons stated above, the parties' motion for approval of the Revised Settlement is GRANTED.

SO ORDERED.

Dated: January 4, 2024
       New York, New York

_____
ANALISA TORRES
United States District Judge